```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


GERALD ALAN HAYES,              §
NO. 02149816,                   §
                                §
            Petitioner,         §
                                §   CIVIL ACTION NO. H-06-0280
v.                              §
                                §
TOMMY THOMAS,                   §
                                §
            Respondent.         §
```

## MEMORANDUM OPINION AND ORDER

Petitioner Gerald Alan Hayes, an inmate of the Harris County Jail, has filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2241. Hayes seeks federal court intervention regarding state charges pending against him. Hayes has not exhausted available remedies and his challenge is legally insupportable. Therefore, this action shall be dismissed.

Hayes asserts that he was arrested by FBI agents on May 4, 2005, pursuant to two charges of bank robbery in violation of 18 U.S.C. § 2113(a). See United States v. Hayes, No. 3:05cr111 (N.D. Tex. May 4, 2005). On May 9, 2005, he was transferred to Houston where he was examined and fingerprinted by FBI agents. He was then taken to Harris County Jail where he now faces charges of bank robbery in state court. Hayes is also reputed to be facing robbery

or robbery-related charges in Bexar, Travis, and McLennan Counties. See No. 3:05cr111, Docket Entry No. 5.

Hayes requests that this court intervene in the state court proceedings.  He argues that the state courts lack jurisdiction because he robbed federally insured banks in Houston, as well as in Dallas.  Hayes contends that federal law supersedes state law and that he has a right to be tried in the federal courts.

Since Hayes has not yet been tried, he is not in custody pursuant to a judgment under the terms of 28 U.S.C. § 2254.  His claim must be regarded as a petition under 28 U.S.C. § 2241, the general habeas corpus statute.  Although that statute has no explicit requirement that petitioners exhaust their state remedies, courts have engrafted such a requirement onto the statute. Ex parte Royall, 6 S.Ct. 734, 739-41 (1886).  Issues concerning the legality of detention and trial may be raised in the state courts at trial and, if necessary, on appeal.  Furthermore, federal courts may not interfere with pending state criminal proceedings absent a showing of great and immediate irreparable injury.  Younger v. Harris, 91 S.Ct. 746, 751 (1971).

The pleadings do not indicate that Hayes has exhausted his state court remedies.  The website for the Texas Court of Criminal Appeals does not contain any citation to a petition or citation filed by Hayes challenging his detention in Harris County Jail. See http://www.cca.courts.state.tx.us/.

Hayes has filed a motion for a speedy trial in the United States District Court for the Northern District of Texas. That court has denied his speedy trial request and informed Hayes that he does not have a right to choose where and in what order he will be prosecuted. No. 3:05cr111, Docket Entry No. 5, citing 18 U.S.C. § 3161(h)(D).

Hayes may not question the priority of jurisdiction between state and federal courts in which he is facing criminal charges. Williams v. Taylor, 327 F.2d 322 (10th Cir. 1964). This court will not intervene in the criminal proceedings that are pending against Hayes. See Stringer v. Williams, 161 F.3d 259, 263 (5th Cir. 1998).

The court **ORDERS** the following:

1. Hayes' motions for preemption and for a ruling (Docket Entry Nos. 3 and 4) are **DENIED**.

2. The Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DISMISSED**.

The Clerk shall deliver a copy of this Memorandum Opinion and Order dismissing the action to the Attorney General of the State of Texas and the United States Attorney's Office for the Northern District of Texas.

**SIGNED** at Houston, Texas, on this the 8th day of June, 2006.

SIM LAke
UNITED STATES DISTRICT JUDGE